IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INDEPENDENCE COUNTRY CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-1196-MLB |
| ) | |
| MAGELLAN PIPELINE COMPANY, LP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Amend Damage Prayer. (Doc. 19.) Defendant has responded in opposition (Doc. 21) and Plaintiff has replied (Doc. 22). After a careful review of the submissions of the parties, the Court is prepared to rule on Plaintiff's Motion.

## **BACKGROUND**

Plaintiff's claims result from a pipeline rupture that occurred on January 13, 2006, that caused approximately 135,000 gallons of unleaded gasoline to leak onto the subject golf course. Plaintiff filed its Complaint on July 11, 2007 (Doc. 1), alleging that it sustained "extensive damages" as a result of Defendant's "wanton and careless conduct." Plaintiff further alleges that "[t]he value of the country

club's golf course has been greatly diminished and vegetation on the course has greatly suffered." (*Id*., at 2.) Although Plaintiff's original Complaint labeled Defendant's conduct as "wanton," it did not include a specific claim for punitive damages. (*See id*.) Plaintiff now seeks to amend its Complaint to add a punitive damage claim. (Doc. 20, at 2.) Plaintiff's request is timely as it was filed within the Court's revised deadline to amend the pleadings. (Doc. 18, at 5.)

Defendant responds that even when resolving all reasonable inferences in Plaintiff's favor, Plaintiff's claim for punitive damages is futile because of "the lack of any reckless behavior on the part of Defendant." (Doc. 21, at 2-3.) Plaintiff replies that a determination of futility would require the Court to make findings of fact, which are inappropriate at this stage of the analysis. (Doc. 22, at 1-2.)

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***,

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc**., 3 F.3d 1357, 1365 (10th Cir. 1993).  A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 at 642 (1990).  Leave to allow amendment is within the court's sound discretion.  **LeaseAmerica Corp. v. Eckel**, 710 F.2d 1470, 1473 (10th Cir. 1983).

In the matter before the Court,  Defendant argues that Plaintiff's proposed amendment is futile.  Thus, the Court must determine if the proposed Amended Complaint could withstand a motion to dismiss.  In light of the recent Supreme Court cases of **Bell Atlantic Corp. v. Twombly**, __ U.S. __, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) and **Erickson v. Pardus**, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), the Tenth Circuit has recently restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6).  **Alvarado v. KOB-TV, L.L.C.,** 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007).  The Court now looks at what is described as a "plausibility" standard.  *Id.*  Under this restated standard,

> The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp.*

3

> *v. Twombly*, __ U.S. ___, ____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S.Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id*. at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**Raytheon Aircraft Co. v. U.S.**, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).  The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. **Pekareck v. Sunbeam Products**., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

4

Plaintiff contends that "[a]n internal in-line tool showed that the area of the rupture was severely corroded in 2001," but that Defendant "had done nothing to repair this area" as of the time of the incident at issue five years later. (Doc. 20, at 3.) Plaintiff argues that the rupture "was clearly avoidable with simple maintenance of the line." (*Id.*)

In its brief in opposition, Defendant relies on the affidavit of its Director or Pipeline Operations, a licensed professional engineer, to contend that [n]ominal wall thickness of the pipe, pipe diameter, pipe grade, operating pressures, and anomaly length and width are the factors in a calculation that determines the remaining strength of the pipeline. This calculation determines whether or not a particular anomaly needs to be excavated and repaired, and the timing of such repair. (Doc. 21, at 3; citing Doc. 21-2, at ¶ 11.) Defendant argues its conduct was not wanton because the results of the 2001 inspection "indicat[ed] a potential reduction in wall thickness of approximately 30%." (Doc. 21, at 3.) According to Defendant, this finding "indicated that this section of pipeline should be tested again in five years without any indication for repair prior to that time." (*Id.*)

Based on the record, and viewing all reasonable inferences from the facts in favor of the Plaintiff, the Court cannot find that Plaintiff's punitive damage claim

5

is futile.  Defendant has attempted to oppose Plaintiff's motion by arguing a disputed issue of fact – whether it was reckless, based on the findings of the 2001 inspection, to not excavate and/or repair the pipe prior to the events of January 13, 2006.  "Because the court does not resolve factual disputes when considering a motion to amend, defendant has failed to carry its burden of showing that the addition of a claim for punitive damages is a futile act."  ***Pekareck v. Sunbeam Products***., 2006 WL 1313382, at *3.  Plaintiff's motion to amend is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Damage Prayer to add a claim for punitive damages is **GRANTED**.  The Amended Complaint in the form attached to the motion (Doc. 19-2) shall be filed within 10 days from the date of this Order.

Dated at Wichita, Kansas, on this 18th day of March, 2008.

                                          s/ DONALD W. BOSTWICK
                                          Donald W. Bostwick
                                          United States Magistrate Judge